**Santresa SCOGGINS, Appellant,**

v.

**BANK OF AMERICA, N.A., Appellee.**

No. 11–2873.

United States Court of Appeals, Eighth Circuit.

Submitted: March 1, 2012.

Filed: March 6, 2012.

---

1. The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

James Henry Penick, III, Eichenbaum & Lilles, argued, Little Rock, AR, for Appellant.

Melissa M. Duke, Carolyn B. Witherspoon, Cross & Gunter, Little Rock, AR, Robert J. Golterman, Brian Peter Pezza, Lewis & Rice, argued, St. Louis, MO, for Appellee.

Before WOLLMAN, MELLOY, and SMITH, Circuit Judges.

PER CURIAM.

Santresa Scoggins appeals the district court's[1] adverse grant of summary judgment in her employment-discrimination action against her former employer, Bank of America, N.A. (Bank of America). Upon careful de novo review, *see Torgerson v. City of Rochester,* 643 F.3d 1031, 1042 (8th Cir.2011) (summary judgment standard of review), we find no basis for reversal. We agree with the district court that Bank of America proffered a legitimate, non-discriminatory reason for Scoggins's termination, and that Scoggins failed to establish a genuine issue of material fact under any theory of liability. *See Twymon v. Wells Fargo & Co.,* 462 F.3d 925, 934–35 (8th Cir.2006) (facially race-neutral statements, without more, do not demonstrate racial animus on part of speaker; in absence of direct evidence court applies burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); once plaintiff establishes prima facie case and employer articulates legitimate, non-discriminatory reason for termination, employee must demonstrate by preponderance of evidence that stated reason was pretext for unlawful discrimination; this court has consistently held that violating company policy is legitimate, non-discriminatory rationale for terminating employee); *see also McCullough v. Univ. of Ark. for Med. Scis.,* 559 F.3d 855, 860 (8th Cir.2009) (claims under Title VII and Arkansas Civil Rights Act are governed by same standards); *cf. Barber v. C1 Truck Driver Training, LLC,* 656 F.3d 782, 798 (8th Cir.2011) (noting that Title VII does not set forth general civility code).

Accordingly, we affirm the judgment of the district court. *See* 8th Cir. R. 47B.

---

1. The Honorable D.P. Marshall Jr., United States District Judge for the Eastern District of Arkansas.